1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  AKI FAMILY LIMITED<br>PARTNERSHIP, a Nevada Limited<br>12  Partnership, dba LAKEVIEW<br>MOBILE ESTATES,<br>13 | CASE NO. 06 CV 0997 JM (AJB)<br>**ORDER GRANTING MOTION<br>TO DISMISS FOR LACK OF<br>JURISDICTION** |

13                                    Plaintiff,
14        vs.
15   CITY OF SAN MARCOS, a
     municipality,
16
                                    Defendant.

17        Defendant moves to dismiss Plaintiff's First Amended Complaint ("FAC")
18   pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.
19   Defendant contends that the FAC is barred by res judicata and even if it were not so
20   barred, Plaintiff's claim has not yet ripened into a live controversy.  The court ordered
21   the motion submitted without oral argument pursuant to Local Rule 7.1(d)(1).  After
22   considering the parties' papers, the court hereby **GRANTS** the motion for the reasons
23   set forth below.
24        Preliminarily, the court notes the following procedural wrinkle with respect to
25   the present motion.  Defendant filed its motion on October 11, 2006 and sought
26   dismissal of the original complaint which, at that time, was the only complaint filed in
27   this case.  Plaintiff then filed a timely opposition and concurrently therewith, the FAC.
28   Plaintiff contends that the FAC moots the present motion with respect to the ripeness

issue, but does not address whether the res judicata issue is also rendered moot. Defendant's reply argues that the FAC does not moot the present motion and that the FAC should be dismissed for the same or similar reasons the original complaint should be dismissed as provided in Defendant's Memorandum of Points and Authorities. The court finds that the FAC does not moot the instant motion. The court disregards the original complaint for purposes of deciding the motion, focusing solely on the allegations contained in the FAC.

## I.   <u>BACKGROUND</u>

Plaintiff AKI Family Limited Partnership ("Plaintiff") owns a mobile park in San Marcos, California. Plaintiff operates the park for senior citizens only, but now wants to change it into an all-ages park.

San Marcos Municipal Code § 16.04.070, enacted by popular vote as "Proposition T" in 1996, requires a mobile park owner to obtain the consent of the mobile park's residents before changing, adding to, deleting, or modifying the mobile park's rules and regulations. <u>See</u> Defs. Request for Judicial Notice, Ex. D. Resolution No. 2001-5721 outlines the specific procedures mobile park owners must follow in order to comply with Section 16.04.070. <u>Id.</u>, Ex. E. After the Ordinances were enacted, Defendant filed a complaint pursuant to California Code of Civil Procedure § 860 to determine their validity. <u>Id.</u>, Ex. F. After publication notice was duly made, no one responded to the complaint and the state court entered judgment in favor of Defendants declaring the Ordinances legal and binding. <u>Id.</u>, Exs. G, H.

On May 9, 2006, Plaintiff filed this complaint against defendant City of San Marcos ("Defendant") alleging that section 16.04.070 and Resolution No. 2001-5721 (together "the Ordinances") violate and are preempted by federal and state law. Defendant now moves to dismiss.

## II.   <u>STANDARD FOR A MOTION TO DISMISS</u>

Defendant brings this motion pursuant to Rule 12(b)(1) and 12(b)6. Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction.

A federal court lacks subject matter jurisdiction pursuant to Article III's Cases and Controversies Clause when an action lacks sufficient ripeness to establish a concrete case or controversy.  <u>Thomas v. Union Carbide Agric. Products Co.</u>, 473 U.S. 568, 579 (1985).

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  Such a dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  <u>See</u> <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988). In applying this standard, the court must treat all of the plaintiff's factual allegations as true.  <u>Experimental Eng'g, Inc. v. United Technologies Corp.</u>, 614 F.2d 1244, 1245 (9th Cir. 1980).

**III.   <u>ANALYSIS</u>**

Defendant argues that the FAC is barred by res judicata because a California court has already entered judgment pursuant to an in rem validation proceeding under California Code of Civil Procedure §§ 860-70 that the Ordinances are legal and valid.  Defendant further argues that even if the FAC were not so barred, Plaintiff's claims lack the jurisdictional requirement of ripeness.  This is so, Defendant contends, because Plaintiff has not yet availed itself of municipal procedures which would allow it to operate its mobile home park as an all-ages park so long as the incumbent residents agree.  The court now addresses each argument in turn.

**A.   <u>Res Judicata</u>**

The doctrine of res judicata provides generally that once a claim has been adjudicated on the merits and becomes final, it cannot be relitigated.  A federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.  <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984).

The prior judgment at issue here was brought by Defendant pursuant to California Code of Civil Procedure § 860, which provides in full:

> A public agency may upon the existence of any matter which under any other law is authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring an action in the superior court of the county in which the principal office of the public agency is located to determine the validity of such matter. The action shall be in the nature of a proceeding in rem.

Actions brought pursuant to section 860 are referred to as "validation proceedings" or "validation actions."  The main purpose for such proceedings are that they "limit the extent to which delay due to litigation may impair a public agency's ability to operate financially . . . [the validation action facilitates] a public agency's financial transactions with third parties by quickly affirming their legality." Friedland v. City of Long Beach, 62 Cal. App. 4th 835, 843 (1998).

Section 870(a) describes the res judicata effect of a final judgment in a validation proceeding:

> The judgment, if no appeal is taken, or if taken and the judgment is affirmed, shall, notwithstanding any other provision of law including, without limitation, Sections 473 and 473.5, thereupon become and thereafter be forever binding and conclusive, as to all matters therein adjudicated or which at that time could have been adjudicated, against the agency and against all other persons, and the judgment shall permanently enjoin the institution by any person of any action or proceeding raising any issue as to which the judgment is binding and conclusive.

Cal. Civ. Proc. Code § 870.  Defendants argue that since a prior judgment pursuant to section 860 has already been entered deeming the Ordinances legal in all respects, Plaintiffs are barred pursuant to section 870 from bringing the instant complaint. Neither party disputes that the prior judgment here has become final.

Friedland, supra, explains the operation of section 870 under facts similar to the facts here.  The city in Friedland filed a validation action to determine the validity of bonds issued to finance construction of a new aquarium.  Publication notice of the action was made pursuant to court order.  No one answered or otherwise inquired about the complaint and the court thereafter entered judgment in favor of the city.  Later, individual plaintiffs sued the city, contending that the bond issue violated the California

Constitution. The trial court sustained the city's demurrer without leave to amend on the ground that plaintiffs could have litigated their issues in the prior validation proceeding, and therefore section 870 barred their claim. The Court of Appeal affirmed, holding that "as to matters which have been or which could have been adjudicated in a validation action, such matters–including constitutional challenges–must be raised within the statutory limitations in section 860 et seq. or they are waived." Friedland, 62 Cal. App. 4th at 846-47.

Applying Friedland here, the court finds that Plaintiff's claim is also barred. Like in Friedland, Defendant gave publication notice of the validation proceeding in conformance with a court order. Defs. Request for Judicial Notice, Ex. G at 2. Like in Friedland, no one responded to the complaint and default judgment was thereafter entered and became final. As in Friedland, there is no suggestion from the pleadings that Plaintiff's contentions could not have been litigated in the original validation proceeding. To the extent Plaintiff argues that changed "legal conditions" mean that his claim could not have been brought earlier, see Supp. Oppo. at 6, the court is unpersuaded. Plaintiff rests its argument on its own changed conditions–i.e., that while it did not desire changing the park's rules and regulations back when the validation proceeding took place, it has since changed its mind–and not on new legal conditions.

On the other hand, Friedland can be distinguished because there, the city advised the state court that viable legal arguments could be made against the constitutionality of the bond issue in that case. Friedland, 62 Cal. App. 4th at 845. This fact, which is not present here, arguably made the Friedland court more likely to bar the plaintiffs' claim. Id. at 846 ("We note that in briefing legal issues in the Validation Action, City raised the constitutional issue Friedland now relies on and advised the trial court that an argument could be made that the [city's action] were unconstitutional gifts of funds in violation of article XVI, section 6 of the California Constitution."). However, this distinguishing aspect of Friedland is immaterial because the court provided that "[e]ven if City had not placed this constitutional issue before the trial court, the judgment in the

Validation Action would nonetheless have been conclusive" since § 870 forecloses relitigation of matters which <u>could have been litigated</u> in the validation proceeding.  <u>Id.</u>

Plaintiff makes no argument as to why this court should not follow <u>Friedland</u>. Instead, Plaintiff argues that the public interest exception to <u>res judicata</u> should apply here, citing <u>Bates v. Jones</u>, 131 F.3d 843 (9th Cir. 1997).   Defendant makes no argument in response.

## B.   The Public Interest Exception to Res Judicata

<u>Bates</u> involved a constitutional attack in federal court on California's Proposition 140, which imposed lifetime term limits for state legislators and certain state officers. The <u>Bates</u> defendants argued that plaintiffs' action was barred by res judicata because the California Supreme Court had already held, in an earlier case that was <u>not</u> a validation proceeding, that Proposition 140 did not violate those plaintiffs' federal constitutional rights.  <u>See id.</u> at 845-46.   The Ninth Circuit found no such bar because California recognizes an exception to <u>res judicata</u> when "the issue previously litigated involves an issue of public importance and there are unusual circumstances favoring reexamination of the issue, California does not apply preclusive effect to the prior determination." <u>Id.</u> at 845 (citing <u>Kopp v. Fair Political Practices Comm'n</u>, 11 Cal. 4th 607 (1995)).  Since it determined that California would apply the exception to the case at bar, the Ninth Circuit concluded that the <u>Bates</u> plaintiffs were not foreclosed  from bringing their action.  <u>Id.</u>   Among the circumstances justifying invocation of the exception in <u>Bates</u> were that the earlier decision had been issued pursuant to a petition for writ of mandamus, thereby depriving the California Supreme Court the benefit of a lower court record; that at the time the earlier decision was rendered, the case law surrounding the validity of term limits was not well developed; and that after the judgment was entered the United States Supreme Court had decided two significant cases that shed light on the issues raised in the prior litigation.  <u>Id.</u> at 845-46.

Guided by <u>Bates</u>, the court finds that the public interest exception applies here. Under <u>Bates</u>, a court should consider the procedural circumstances of the prior

judgment and whether a record was developed.  Here, the validation proceeding judgment was obtained by default, and so no factual record was developed.  The parties do not address whether the relevant case law surrounding the issue in this case (whether laws such as the Ordinances are preempted) is meager or not.  In addition, Plaintiff argues that the legality of the Ordinances under federal and state housing law is an issue of prime public importance.  See Supp. Oppo. at 5-6.  The court finds this consideration weighs in favor of invoking the exception, since housing laws affect the day-to-day life of every individual.  Although the public importance of a city's indebtedness in Friedland did not prevent the court in that case from giving preclusive effect to the validation proceeding judgment, Friedland never addressed the public interest exception.  Finally, California's main rationale for validation proceedings–to allow cities to secure financial commitments from third parties in order to finance municipal projects–is absent here.  Friedland, 62 Cal. App. 4th at 843.

On the other hand, California clearly has a policy as embodied in section 870 of insulating validation proceedings, once they have reached final judgment, from subsequent attack.  However, California has also expressed, in its adoption of the public interest exception itself, a flexible policy with regard to res judicata when important public matters are at stake.  Kopp, 11 Cal. 4th at 621.

On balance, the court finds the considerations above weigh in Plaintiff's favor.  Accordingly, the court holds that California would apply the public interest exception in this case and therefore the prior state judgment does not bar Plaintiff's claim.  The next question becomes whether Plaintiff's claim is ripe for adjudication.

**C.   <u>Ripeness</u>**

An action is unripe, and therefore has not matured into a proper subject for adjudication, when it involves contingent future events that may or may not occur.  Thomas, 473 U.S. at 580-81.  The ripeness doctrine's rationale "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements[.]" Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967), abrogated

1   on other grounds by Califano v. Sanders, 430 U.S. 99 (1977).

2       Defendant argues that Plaintiff's claim is unripe because Plaintiff has not availed

3   itself of procedures outlined in the Ordinances which would allow it to change the

4   mobile home park into an all-ages park so long as the incumbent residents consent to

5   the change.[1]  See Defs. Request for Judicial Notice, Exs. D, E.  Defendant contends that

6   since Plaintiff has not yet used these procedures, it is not yet known whether Plaintiff

7   is prevented from changing his park into an all-ages park.  Mot. at 1-2.  Defendant

8   argues that the FAC does not cure this deficiency because although it is alleged that

9   88% of park residents oppose Plaintiff's proposed change, the FAC does not allege that

10  it used the specific procedures described in the Ordinances.  Reply at 4-5.

11      Plaintiff argues that to require it to follow the procedures is futile because the

12  park residents have already indicated that they would reject the proposed change.

13  Specifically, the FAC alleges that Plaintiff gave notice to all park residents of the

14  proposed change; thereafter, some residents served Plaintiff with a signed petition

15  showing that 88% of residents opposed the proposal.  FAC ¶¶ 8, 10.  The court rejects

16  Plaintiff's futility argument because the FAC does not allege how the 88% disapproval

17  rate was procured.  Therefore, it is not known whether using procedures prescribed in

18  the Ordinances would also result in a similar disapproval rate.  More fundamentally,

19  since the FAC does not allege that Plaintiff has implemented the Ordinances'

20  procedures, there is also no allegation that Defendant has deprived Plaintiff of what it

21  wants.  This is fatal to the FAC for ripeness purposes.

22      Plaintiff argues it should not be required to use the procedures, and therefore this

_____

[1]      Section 16.04.070 requires Plaintiff to submit the proposed change to the park's Rules and Regulations Committee (the "Committee"), which is comprised of park residents, for approval.  Defs. Request for Judicial Notice, Ex. D.  If the Committee rejects the proposed change, Plaintiff may appeal that decision by petitioning all of the park's residents; if a majority of residents reverse the Committee's decision to reject, then the proposed change is deemed approved.  Id.

action is ripe, because such a requirement punishes him for simply trying to comply with federal law. Supp. Oppo. at 4. The court rejects this argument for two reasons. First, nothing in the FAC alleges that Defendant is punishing Plaintiff by requiring compliance with the Ordinances. There is no suggestion that Defendant is singling out Plaintiff by enforcing the Ordinances against it. Second, none of the cases cited by Plaintiff support its argument. United States v. City of Parma, 661 F.2d 562 (6th Cir. 1981) involved an action brought by the U.S. Attorney General authorized by statute. City of Parma was initially brought by several individuals and the NAACP, who were subsequently dismissed for, inter alia, absence of a justiciable controversy. Id. at 564, n.1. Here, plaintiff is bringing the action in his own name and must meet the requirements of justiciability himself. Plaintiff also cites Stewart B. McKinney Foundation, Inc. v. Town Plan and Zoning Comm'n, 790 F. Supp. 1197 (D. Conn. 1992). In that case, plaintiff sought to use a residence as affordable housing for HIV-infected individuals. The city became involved, resulting in the plaintiff being required to apply for a special exception to housing laws which was not required of similarly-situated individuals. The McKinney court concluded that the requirement was motivated by discriminatory animus against HIV-infected individuals and the city was enjoined from requiring the special exception. Id. at 1222. Here, the Ordinances are applicable to all mobile home park owners, not just Plaintiff, and so the facts are different from those presented in McKinney. United States v. City of Hayward, 36 F.3d 832 (9th Cir. 1994) is also inapplicable here. In that case, the court found that the city's decision to force plaintiff mobile park owner to reduce rents when it changed its park from an 18 years-or-older park to an all-ages park constituted unlawful "interference" under the Fair Housing Amendments Act. However, in City of Hayward, the city had already caused injury to the plaintiff by ordering the reduction in rents. Id. at 834-35. By contrast, Defendant has not yet deprived Plaintiff of anything because it is not yet known whether the Ordinances prevent Plaintiff from changing the park's regulations.

1    Finally, Plaintiff argues that to require him to comply with the Ordinances would

2    impose burdensome costs on him, but offers no reasons in support of the argument.

3    Supp. Oppo. at 1.  Therefore, the court rejects this argument.

4    **IV.    CONCLUSION**

5    The court **GRANTS** Defendant's motion to dismiss.  Although Plaintiff's claim

6    is not barred by res judicata, the FAC as alleged shows the controversy is not ripe.

7    Based on the facts alleged, it is unknown whether the complained-of injury–deprivation

8    of Plaintiff's protected opportunity to convert its senior park into an all-ages park–will

9    or will not occur.   Therefore, this court lacks subject matter jurisdiction over the

10   complaint and the complaint is dismissed without prejudice.  If Plaintiff wishes to file

11   a further amended complaint, Plaintiff must do so no later than twenty (20) days after

12   entry of this order.

13       **IT IS SO ORDERED.**

14   DATED:  November 21, 2006

15
                                            _____
16                                          Hon. Jeffrey T. Miller
                                            United States District Judge
17   cc: All Parties

18

19

20

21

22

23

24

25

26

27

28