1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10   AKI FAMILY LIMITED PARTNERSHIP, a          CASE NO. 06 CV 0997 JM (AJB)
     Nevada Limited Partnership, dba
11   LAKEVIEW MOBILE ESTATES,                    **ORDER GRANTING MOTION TO**
                                                 **DISMISS THE SECOND AMENDED**
12                                 Plaintiff,    **COMPLAINT FOR LACK OF**
                                                 **JURISDICTION AND WITHOUT**
         vs.                                     **LEAVE TO AMEND**
13
14   CITY OF SAN MARCOS, a municipality,

15                                Defendant.

16          In its Second Amended Complaint, Plaintiff alleges two causes of action arising under the Fair

17   Housing Act, 42 U.S.C. § 3601 et seq.[1]  Pending before the court is Defendant's motion to dismiss the

18   SAC in its entirety pursuant to Rule 12(b)(1) and 12(b)(6) on the ground that the SAC fails to allege

19   a ripe controversy.

20   **I.      BACKGROUND**

21          The following allegations are accepted as true for purposes of the motion.  Whisnant v. United

22   States, 400 F.3d 1177, 1179 (9th Cir. 2005).  Plaintiff owns a seniors-only mobile park called

23   Lakeview Mobile Estates ("Lakeview" or "the park") in defendant City of San Marcos.  Plaintiff

24   desires to convert Lakeview into an all-ages park.  On around April 19, 2006, Plaintiff gave written

25   notice to all Lakeview residents of a proposed amendment to the park's rules and regulations which

26

27          [1] Plaintiff's second claim for relief, stylized as a Fair Housing Act claim, also appears to contain a supplemental
     state claim.  See SAC ¶ 56 (alleging Defendant's local ordinance is preempted by state law).  The court declines to exercise
28   supplemental jurisdiction over any state claims in light Plaintiff's federal claims being dismissed herein.  28 U.S.C. §
     1367(c)(3).

would allow residents of any age to live at the park.  SAC ¶ 11.  At the time of notice, Plaintiff was aware of the existence of a resident homeowner's association ("HOA") consisting of certain Lakeview residents, but was not aware of any other park committees.  Id. ¶12.  Thereafter, 85% of the residents signed a petition protesting the proposed amendment.  This petition was served on Plaintiff on around August 3, 2006 during an all-residents meeting.  Id. ¶ 16.  Every resident at the meeting expressed opposition to the proposed amendment and threatened Plaintiff with legal action. Id. ¶ 18.

Section 16.04.070 of the San Marcos Municipal Code (the "Ordinance") provides that

c) Review.  No Park Owner shall change, add to, delete or modify the Park Rules and Regulations affecting the residents of a Mobilehome Park unless and until any such change, addition, deletion or modification shall have first been submitted to, reviewed and approved by the Park Rules and Regulations Committee.  The term "Park Owner" shall not include any resident-owned mobilehome park.

d) Appeal.  In the event that a majority of the members of the "Park Rules and Regulations Committee" does not approve all or part of a proposed change, addition, deletion or modification of the Park Rules and Regulations, a Park Owner shall have the right to appeal by petition to all residents of the Mobilehome Park to seek such approval.  Any rejection of the proposed change, addition, deletion or modification may be reversed by a petition bearing the signatures of a majority of the residents of the subject Mobilehome Park approving the proposed change, addition, deletion or modification.

Id. ¶ 25.[2]  Thus, the Ordinance contemplates a two-step process: first, the park owner must submit the proposed rule change to a Rules and Regulation Committee ("RCC").  Second, if the RCC rejects the proposal, the park owner may appeal to all residents.  If a majority of all residents approve the change, then the RCC's decision is reversed and the change is implemented.

This is the second motion to dismiss brought in this case.  On November 21, 2006, the court granted Defendant's motion to dismiss for lack of ripeness and gave Plaintiff leave to file a SAC within twenty days, which it did.  Defendant now moves to dismiss pursuant to Rule12(b)(1) on the ground that SAC still fails to allege a ripe controversy.

## II.      STANDARD OF REVIEW

Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction.  A federal court lacks subject matter jurisdiction pursuant to Article III's Cases and Controversies Clause when an action is not yet ripe for review.  In a motion to dismiss for lack of subject matter jurisdiction,

---

[2] The court takes judicial notice of Section 16.04.070.  Lamar v. Micou, 114 U.S. 218, 223 (1885).

the plaintiff bears the burden of proving jurisdiction.  See Scott v. Breeland, 792 F.2d 926, 927 (9th Cir. 1986).  The court must treat all factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  Experimental Eng'g, 614 F.2d at 1245; see Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).  However, the court need not assume the truth of legal conclusions merely because they are cast in the form of factual allegations.  Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Claims should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426, 429 (9th Cir. 1978).

## III.   DISCUSSION: THIS ACTION IS NOT RIPE

An action is unripe, and therefore has not matured into a proper subject for adjudication, when it involves contingent future events that may or may not occur.  Thomas v. Union Carbide Agr. Products Co., 473 U.S. 568, 580-81 (1985).  The ripeness doctrine's rationale "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements[.]"  Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967).  Whether a controversy is ripe depends on the "fitness of issues for judicial decision" and the "hardship to the parties of withholding court consideration."  Id. at 149.

There are two fatal defects in Plaintiff's conduct as alleged.  First, Plaintiff sent the proposed amendment to all park residents rather than making a separate presentation to an RCC.  Indeed, the SAC utterly fails to give rise to even a scintilla of an inference that Plaintiff sought to determine whether an RCC existed, if the HOA was acting as the RCC, or if a separate presentation could be made to any group or committee of Lakeview residents.  Plaintiff merely blanketed the park with copies of the proposed amendment.  This conduct does not conform with the Ordinance, nor does it demonstrate a good faith effort to substantially comply therewith.

Second, even if Plaintiff had substantially complied with the first part of the Ordinance, Plaintiff has completely ignored the second part regarding appeal.  The ordinance requires Plaintiff to initiate an appeal to all park residents; the fact that upon receipt of Plaintiff's blanketed notice, the

residents organized in some kind of grass-roots fashion to drum up a petition in protest does not change Plaintiff's <u>affirmative obligation</u> to appeal as set forth in the ordinance.  <u>See</u> SAC ¶ 25 ("[A] Park Owner *shall have the right to appeal* by petition to all residents of the Mobilehome Park to *seek such approval*.") (emphasis added).  It is as yet unknown what the outcome of such an appeal might be.  As such, it is merely speculative at this point whether Defendant's ordinance deprives Plaintiff of the relief it seeks.

Furthermore, the SAC alleges that Defendant's City Manager Rick Gittings has stated that if Plaintiff does not follow local law, "'the City Council will have to consider if it wants to enforce its ordinance'; and, that Defendant could file a lawsuit against Plaintiff if Plaintiff failed to follow the law."  SAC ¶ 47.  This allegation, if true, bolsters the court's finding that Plaintiff's claims lack ripeness.  A court is without power to adjudicate rights and remedies "if" an ordinance will be enforced, or when a lawsuit "could" be filed.  <u>Union Carbide</u>, 473 U.S. at 580-81.

Finally, Plaintiff alleges it has substantially complied with the ordinance or that it was excused therefrom if no RCC existed.  SAC ¶ 12.  However, this allegation is a legal conclusion, not an allegation of fact, and therefore it has no bearing on the present motion.  <u>See</u> <u>Roberts</u>, 812 F.2d at 1177.

Although there appears to be no Ninth Circuit authority on point, cases from the Sixth, Seventh, and Eighth Circuits support the court's findings.  For example, in <u>United States v. Village of Palatine</u>, 37 F.3d 1230 (7th Cir. 1994), plaintiff operated  housing for recovering alcoholics and substance abusers wherein eleven unrelated residents lived together in one dwelling in violation of local zoning law.  Plaintiff could have applied for a special use permit but refused to do so.  The defendant municipality cited plaintiff for the zoning violations and plaintiffs filed suit in federal court for discrimination in housing based on handicap.  The district court ruled in favor of plaintiff.  On appeal, the Seventh Circuit held the action was unripe because the plaintiff

> never invoked the procedures that would allow the Village to make such an accommodation . . . .  [Plaintiff] has not requested a special use approval from the Village.  Until it does, the Village cannot authorize its current use of the Mallard Drive property . . . .  To the extent that the plaintiff's federal suit alleges that the Village did not make a reasonable accommodation in its application of zoning laws to [plaintiff], the issue is not ripe.

1    Id. at 1233.  Here, Plaintiff has likewise "never invoked the procedures" that would allow it to convert

2    Lakeview into an all-ages park.  Id.; see also Nationwide Mutual Ins. Co. v. Cisneros, 52 F.3d 1351,

3    1362 (6th Cir. 1995) (holding that plaintiff's action challenging federal agency's authority under the

4    Fair Housing Act was unripe because the agency had never applied the complained-of "disparate

5    impact analysis" resulting in a final administrative action); Oxford House-C v. City of St. Louis, 77

6    F.3d 249, 253 (8th Cir. 1996) (holding plaintiff's Fair Housing Act claim for housing discrimination

7    unripe where plaintiff refused to apply for a zoning variance).

8         Several district courts have also dismissed FHA claims as unripe when the plaintiff has failed

9    to use available procedures provided for by local law that would allow the plaintiff to obtain relief

10   from zoning restrictions.  Tsombanidis v. City of West Haven, 129 F. Supp. 2d 136, 160-61 (D. Conn.

11   2001); Marriott Senior Living Serv., Inc. v. Springfield Township, 78 F. Supp. 2d 376, 385-86 (E.D.

12   Pa. 1999); Oxford House, Inc. v. City of Virginia Beach, 825 F. Supp. 1251, 1260 (E.D. Va. 1993).

13   In sum, the weight of authority supports finding Plaintiff's claims are not ripe.

14        A review of the Ninth Circuit cases cited by Plaintiff show that none of those cases supports

15   Plaintiff's position.  In State of Montana v. Johnson, 738 F.2d 1074, 1076-77 (9th Cir. 1984), the

16   Ninth Circuit found a ripe controversy because the defendant contended it was not required to obtain

17   environmental certification from plaintiff Montana before building power plants, even though

18   defendant could have voluntarily obtained such certification.  The Johnson court also found ripeness

19   because the issues raised were purely legal and because withholding court consideration could cause

20   Montana to waste resources if it was not first determined that federal law required compliance with

21   Montana law.  Id.  Here, Plaintiff is not arguing that the ordinance does not apply to it.  Further, the

22   issues are not purely legal.  For example, Plaintiff's first claim for relief is premised on an issue of

23   fact: whether Defendant interfered with its efforts to provide non-discriminatory housing in violation

24   of federal law.  SAC ¶¶ 36, 49.  Moreover, there is nothing in the pleadings that reasonably suggests

25   that compliance with the ordinance would cause undue hardship on Plaintiff.  Plaintiff's bare

26   allegation that "[s]eeking a new vote of the park residents would result in less than 50 percent

27   acceptance of the proposed rules and regulations" is simple speculation, not a well-pleaded allegation

28   of fact.  Id. ¶ 19.

In <u>Kinzli v. City of Santa Cruz</u>, 818, F.2d 1449 (9th Cir. 1987), the court found the plaintiff's takings claim unripe because it had not yet applied for a land development permit or a variance. <u>Id.</u> at 1455. Similarly here, the SAC fails to allege Defendant has actually denied Plaintiff any right to change the park's age restriction.

In <u>State of Arizona v. Atchison, Topeka and Santa Fe Railroad Company</u>, 656 F.2d 398 (9th Cir. 1981), the question presented was whether the lawsuit seeking a declaratory judgment that Arizona law was consistent with federal law was ripe in light of the lawsuit having been filed over two years after passage of the federal law but six months before its effective date. The Ninth Circuit found the controversy ripe since there was little doubt that the federal law would become effective. <u>Id.</u> at 403. Here, the ripeness issue is different. The issue is not whether the ordinance is in effect or not, but whether the challenged law has harmed Plaintiff when Plaintiff has not even followed procedures which could grant the requested relief.

In <u>Sederquist v. City of Tiburon</u>, 765 F.2d 756 (9th Cir. 1985), the plaintiffs had applied for a land use permit that was actually denied by the defendant city. <u>Id.</u> at 758-59. Here, the SAC fails to allege that Defendant has actually denied Plaintiff anything. To the contrary, the allegations if true show that Defendant has not even yet decided whether it will enforce the ordinance against Plaintiff or not.

Finally, <u>Neal v. Shimoda</u>, 131 F.3d 818 (9th Cir. 1997), involved a challenge on Ex Post Facto grounds to the constitutionality of a state-sponsored rehabilitation program that required sex offender criminals to undergo counseling before becoming eligible for parole. The prisoner-plaintiffs were not yet eligible for parole, but the Ninth Circuit nevertheless found the case ripe because the plaintiffs had already been labeled sex offenders and it was guaranteed that they would not be eligible for parole without participating in the program. <u>Id.</u> at 825. Here, there is no similar showing that it is guaranteed Defendant will enforce the ordinance against Plaintiff; the SAC, if true, would only support a finding that such enforcement is only possible.

//

//

//

**IV.**   **CONCLUSION**

The issues in this case are not fit for judicial decision, nor is there any evidence that the parties would suffer hardship were the court to withhold its consideration. Abbott Labs., 387 U.S. at 149. Therefore, the motion is **GRANTED**. The SAC is **DISMISSED** for lack of subject matter jurisdiction and without leave to amend. Any supplemental state claim is likewise **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3). The clerk is **ORDERED** to close the file in this case.

**IT IS SO ORDERED.**

DATED: February 23, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties